UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

TYRONE C. KING,

    Petitioner,

                        Case No.: 8:23-cv-203-TPB-SPF

    v.

KEERTHI ASOKAN,

    Respondent.

**VERIFIED ANSWER AND AFFIRMATIVE DEFENSES
TO PETITIONER'S PETITION FOR
RETURN OF MINOR CHILD TO PETITIONER**

    NOW COMES the Respondent, KEERTHI ASOKAN ("Respondent"), by and through her attorneys, Masters Law Group LLC, as and for her Verified Answer and Affirmative Defenses to Petitioner's Petition for Return of Minor Child to Petitioner ("Petition"), admits, denies and alleges as follows:

INTRODUCTION

    1. In answering Paragraph 1 of the Petition, the Respondent admits that the Petitioner is a citizen of the United Kingdom and had relationship with the Respondent that resulted in the birth of T.A.A.K. The Respondent also admits that the relationship between the two parties ended and denies the allegations that the parties "lived together".

    2. The Respondent admits the allegations contained in Paragraph 2 of the Petition.

    3. In answering Paragraph 3 of the Petition, the Respondent denies that she and the Petitioner were in an "in tact" relationship and that the Petitioner "always" regularly spent time with the

1

minor child and was "always supportive" of the child financially, emotionally and practically. The Petitioner also denies the remaining allegations and demand strict proof thereto.

4. In answering Paragraph 4 of the Petition, the Respondent denies the same and demands strict proof thereof.

5. In answering Paragraph 5 of the Petition, Respondent lacks sufficient information and knowledge to admit or deny the allegations contained therein. To the extent that a response is necessary, Respondent denies the same and demands strict proof thereof.

6. In answering Paragraph 6 of the Petition, Respondent denies the same and demands strict proof thereof. Respondent also affirmatively states that she and the Petitioner often and regularly communicated via Facebook Messenger and WhatsApp where the Petitioner constantly threatened the Respondent and even threatened to put a hit on her when he said on January 14, 2022 via audio message, "I promise you there will be consequences. Consequences. I will send people to meet makers. Okay? I am not even joking".

7. In answering Paragraph 7 of the Petition, Respondent denies the same and demands strict proof thereof. Respondent also affirmatively states that she and the Petitioner often and regularly communicated via Facebook Messenger and WhatsApp where the Petitioner constantly threatened the Respondent and even threatened to put a hit on her when he said on January 14, 2022 via audio message, "I promise you there will be consequences. Consequences. I will send people to meet makers. Okay? I am not even joking".

8. In answering Paragraph 8 of the Petition, the Respondent denies the same and demands strict proof thereof.

9. In answering Paragraph 9 of the Petition, Respondent lacks sufficient information and knowledge to admit or deny the allegations contained therein. To the extent that a response is necessary, Respondent denies the same and demands strict proof thereof.

10. In answering Paragraph 10 of the Petition, the Respondent denies the same and demands strict proof thereof.

11. In answering Paragraph 11 of the Petition, Respondent lacks sufficient information and knowledge to admit or deny the allegations contained therein. To the extent that a response is necessary, Respondent denies the same and demands strict proof thereof.

12. The Respondent admits the allegations contained in Paragraph 12 of the Petition.

13. In answering Paragraph 13 of the Petition, the Respondent denies the same and demands strict proof thereof.

14. In answering Paragraph 14 of the Petition, the Respondent denies the same and demands strict proof thereof.

15. In answering Paragraph 15 of the Petition, the Respondent denies the same and demands strict proof thereof.

16. In answering Paragraph 16 of the Petition, the Respondent denies the same and demands strict proof thereof.

17. In answering Paragraph 17 of the Petition, Respondent states that the allegations contained therein constitute a statement of law to which no response is required and to the extent any response is necessary, Respondent denies the same and demands strict proof thereof.

18. In answering Paragraph 18 of the Petition, Respondent lacks sufficient information and knowledge to admit or deny the allegations contained therein. To the extent that a response is necessary, Respondent denies the same and demands strict proof thereof.

19. In answering Paragraph 19 of the Petition, Respondent lacks sufficient information and knowledge to admit or deny the allegations contained therein. To the extent that a response is necessary, Respondent denies the same and demands strict proof thereof.

20. In answering Paragraph 20 of the Petition, Respondent states that the allegations contained therein constitute a statement of law/legal conclusion to which no response is required and to the extent any response is necessary, Respondent denies the same and demands strict proof thereof.

21. In answering Paragraph 21 of the Petition, Respondent lacks sufficient information and knowledge to admit or deny the allegations contained therein. To the extent that a response is necessary, Respondent denies the same and demands strict proof thereof.

22. In answering Paragraph 22 of the Petition, Respondent states that the allegations contained therein constitute a statement of law/legal conclusion to which no response is required and to the extent any response is necessary, Respondent denies the same and demands strict proof thereof.

23. In answering Paragraph 23 of the Petition, Respondent states that the allegations contained therein constitute a statement of law/legal conclusion to which no response is required and to the extent any response is necessary, Respondent denies the same and demands strict proof thereof.

24. In answering Paragraph 24 of the Petition, the Respondent denies the same and demands strict proof thereof.

25. In answering Paragraph 25 of the Petition, Respondent states that the allegations contained therein constitute a statement of law/legal conclusion to which no response is required and to the extent any response is necessary, Respondent denies the same and demands strict proof thereof.

## JURISDICTION

26. In answering Paragraph 26 of the Petition, Respondent states that the allegations contained therein constitute a statement of law/legal conclusion to which no response is required and to the extent any response is necessary, Respondent denies the same and demands strict proof thereof.

## HAGUE CONVENTION

27. In answering Paragraph 27 of the Petition, Respondent states that the allegations contained therein constitute a statement of law/legal conclusion to which no response is required and to the extent any response is necessary, Respondent denies the same and demands strict proof thereof. Respondent affirmatively states that it was the shared intent of the parties for Respondent to remain with the Minor Child in Sumter County, Florida. The courts have, by necessity, turned to the "shared intent" of the parents to determine habitual residence. "When a child is too young to have an intent regarding her habitual residence, the touchstone inquiry is 'shared parental intent.' " *In re Application of Adan*, 437 F.3d 381, 392 (3rd Cir. 2006); *Kijowska, supra,* at 587; *see Mendez v. May,* 778 F.3d 337, 344 (1st Cir. 2015).

28. In answering Paragraph 28 of the Petition, Respondent states that the allegations contained therein constitute a statement of law/legal conclusion to which no response is required and to the extent any response is necessary, Respondent denies the same and demands strict proof thereof.

29. In answering Paragraph 29 of the Petition, Respondent states that the allegations contained therein constitute a statement of law/legal conclusion to which no response is required and to the extent any response is necessary, Respondent denies the same and demands strict proof thereof.

30. In answering Paragraph 30 of the Petition, Respondent states that the allegations contained therein constitute a statement of law/legal conclusion to which no response is required and to the extent any response is necessary, Respondent denies the same and demands strict proof thereof.

31. In answering Paragraph 31 of the Petition, Respondent states that the allegations contained therein constitute a statement of law/legal conclusion to which no response is required and to the extent any response is necessary, Respondent denies the same and demands strict proof thereof.

32. In answering Paragraph 32 of the Petition, Respondent states that the allegations contained therein constitute a statement of law/legal conclusion to which no response is required and to the extent any response is necessary, Respondent denies the same and demands strict proof thereof.

33. In answering Paragraph 33 of the Petition, Respondent states that the allegations contained therein constitute a statement of law/legal conclusion to which no response is required and to the extent any response is necessary, Respondent denies the same and demands strict proof thereof. Respondent denies the totality of the allegations contained therein and demands strict proof thereof.

34. In answering Paragraph 34 of the Petition, Respondent states that the allegations contained therein constitute a statement of law/legal conclusion to which no response is required and to the extent any response is necessary, Respondent denies the same and demands strict proof thereof.

FACTS

35. The Respondent admits the allegations contained in Paragraph 35 of the Petition.

36. The Respondent admits that the minor child, who is the subject to this action was born in 2021. The remaining allegations contained in Paragraph 36 of the Petition are denied.

37. In answering Paragraph 13 of the Petition, the Respondent denies the same and demands strict proof thereof.

38. In answering Paragraph 33 of the Petition, Respondent states that the allegations contained therein constitute a statement of law/legal conclusion to which no response is required and to the extent any response is necessary, Respondent denies the same and demands strict proof thereof.

39. In answering Paragraph 39 of the Petition, the Respondent denies the same and demands strict proof thereof.

40. In answering Paragraph 40 of the Petition, the Respondent denies the same and demands strict proof thereof.

41. In answering Paragraph 41 of the Petition, the Respondent denies the same and demands strict proof thereof.

42. In answering Paragraph 42 of the Petition, Respondent states that the allegations contained therein constitute a statement of law/legal conclusion to which no response is required and to the extent any response is necessary, Respondent denies the same and demands strict proof thereof.

43. In answering Paragraph 43 of the Petition, the Respondent denies the same and demands strict proof thereof.

## WRONGFUL REMOVAL AND RETENTION

44. In answering Paragraph 44 of the Petition, the Respondent denies the same and demands strict proof thereof.

45. In answering Paragraph 45 of the Petition, Respondent states that the allegations contained therein constitute a statement of law/legal conclusion to which no response is required and to the extent any response is necessary, Respondent denies the same and demands strict proof thereof.

46. In answering Paragraph 46 of the Petition, Respondent lacks sufficient information and knowledge to admit or deny the allegations contained therein. To the extent that a response is necessary, Respondent denies the same and demands strict proof thereof.

47. The Respondent admits that the Petition speaks for itself but denies the allegations and relief sought therein. The remaining allegation contained in Paragraph 47 are denied.

48. In answering Paragraph 48 of the Petition, the Respondent denies the same and demands strict proof thereof.

49. In answering Paragraph 49 of the Petition, the Respondent denies the same and demands strict proof thereof.

50. In answering Paragraph 49 of the Petition, the Respondent denies the same and demands strict proof thereof.

51. The Respondent admits the allegations contained in Paragraph 51 of the Petition.

## COUNT I- WRONGFUL TAKING

52. Respondent repeats and re-answers her answers to Paragraph 1 to 51 as if fully set forth and incorporated herein.

53. In answering Paragraph 53 of the Petition, Respondent states that the allegations contained therein constitute a statement of law/legal conclusion to which no response is required and to the extent any response is necessary, Respondent denies the same and demands strict proof thereof.

54. The Respondent admits the allegations contained in Paragraph 54 of the Petition.

55. In answering Paragraph 55 of the Petition, the Respondent denies the same and demands strict proof thereof.

56. In answering Paragraph 56 of the Petition, Respondent states that the allegations contained therein constitute a statement of law/legal conclusion to which no response is required and to the extent any response is necessary, Respondent denies the same and demands strict proof thereof.

57. In answering Paragraph 57 of the Petition, Respondent states that the allegations contained therein constitute a statement of law/legal conclusion to which no response is required and to the extent any response is necessary, Respondent denies the same and demands strict proof thereof.

58. In answering Paragraph 58 of the Petition, Respondent states that the allegations contained therein constitute a statement of law/legal conclusion to which no response is required and to the extent any response is necessary, Respondent denies the same and demands strict proof thereof.

59. In answering Paragraph 59 of the Petition, Respondent states that the allegations contained therein constitute a statement of law/legal conclusion to which no response is required and to the extent any response is necessary, Respondent denies the same and demands strict proof thereof.

60. In answering Paragraph 60 of the Petition, Respondent states that the allegations contained therein constitute a statement of law/legal conclusion to which no response is required and to the extent any response is necessary, Respondent denies the same and demands strict proof thereof.

61. In answering Paragraph 46 of the Petition, Respondent lacks sufficient information and knowledge to admit or deny the allegations contained therein. To the extent that a response is necessary, Respondent denies the same and demands strict proof thereof.

62. In answering Paragraph 62 of the Petition, Respondent lacks sufficient information and knowledge to admit or deny the allegations contained therein. To the extent that a response is necessary, Respondent denies the same and demands strict proof thereof.

63. In answering Paragraph 63 of the Petition, Respondent lacks sufficient information and knowledge to admit or deny the allegations contained therein. To the extent that a response is necessary, Respondent denies the same and demands strict proof thereof.

64. In answering Paragraph 64 of the Petition, the Respondent denies the same and demands strict proof thereof.

NOTICE OF HEARING

65. In answering Paragraph 65 of the Petition, Respondent lacks sufficient information and knowledge to admit or deny the allegations contained therein. To the extent that a response is necessary, Respondent denies the same and demands strict proof thereof.

66. In answering Paragraph 66 of the Petition, Respondent lacks sufficient information and knowledge to admit or deny the allegations contained therein. To the extent that a response is necessary, Respondent denies the same and demands strict proof thereof.

67. In answering Paragraph 64 of the Petition, the Respondent denies the same and demands strict proof thereof.

WHEREFORE, Respondent, KEERTHI ASOKAN, requests that this Court deny all of Petitioner's Requests for Relief and the Petitioner's Petition for Return of Minor Child to Petitioner.

## **AFFIRMATIVE DEFENSES**

1. The minor child could not have habitually resided in United Kingdom based upon his young age and the fact that she was habitually gone from the United Kingdom with substantial periods of time spent in the United States, namely Florida during the period in question as outlined by the Petitioner's pleading filed with this court. The minor children were habitually residents of the United States of America. "Where there is geographic stability and adequate duration, questions are to the purpose of the residence, will usually be pushed into the background". To the extent that purpose plays a part in determining whether a child is habitually a resident in a county, it is necessary to prove only that there is a sufficient degree of continuity to be properly described as settled. *Koch v. Koch*, 416 F.Supp 2d 645 (E.D. Wis 2006).

10

2.      *Article 13(b) Defense*- Respondent's actions were justified by the "grave risk" exception to the Hague Convention, 22 U.S.C. § 9001 *et seq*. as there exists a grave risk of danger that would expose the Minor Child to psychological or physical harm if the Minor Child is returned to Australia and otherwise would place the child in an intolerable situation due to the Petitioner's abuse. A court is not required to order the return of a child if the Respondent demonstrates by clear and convincing evidence that the return of the child would expose the child to physical or psychological harm or otherwise place the child in an intolerable situation. *Wigley v. Hares*, 82 So. 3d 932, 943 (Fla. Dist. Ct. App. 2011). "Repeated physical and psychological abuse of a child's mother by the child's father, in the presence of the child (especially a very young child, as in this case), is likely to create a risk of psychological harm to the child." *Khan v. Fatima*, 680 F.3d 781, 787 (7th Cir. 2012). Grave risk of harm may be established where the petitioning parent abused the responding parent. Historically, courts have interpreted grave risk of danger narrowly. However, recent federal court decisions have applied greater latitude to grave risk of danger assessments for domestic violence. *Walsh v. Walsh*, 221 F.3d 204 (1st Cir. 200); *Elyashiv v. Elyashiv*, 353 F.Supp. 2d 394 (E.D. NY 2005); *Olhuin v. Del Carmen Cruz Santana*, 2005 U.S.Dist. LEXIS 408 (E.D. NY 2005); *Van de Sande v. Van de Sande*, 431 F.3d 567 (7th Cir. 2005); *In Re Application of Adan*, 437 F.3d 381 (3rd Cir. 2006); *Koch v. Koch*, 450 F.3d 703 (7th Cir. 2006); and *Davies v. Davies*, 717 Fed. Appx. 43 (2d Cir. 2017).

3.      The Child should remain in the United States as he is now presently settled since relocating from the United Kingdom. Article 12 of the Convention provides an affirmative defense to a claim of wrongful removal where a responding parent can present a preponderance of evidence that the child is now settled in his new environment and relocation would be disruptive and

11

harmful. 22 U.S.C.A. § 9003(e)(2)(B); Hague Convention, art. 12, T.I.A.S. No. 11670. Article 12 of the Convention states:

> Where a child has been wrongfully removed or retained in terms of Article 3 and, at the date of the commencement of *867 the proceedings before the judicial or administrative authority of the Contracting State where the child is, a period of less than one year has elapsed from the date of the wrongful removal or retention, the authority concerned shall order the return of the child forthwith.
>
> The judicial or administrative authority, even where the proceedings have been commenced after the expiration of the period of one year referred to in the preceding paragraph, shall also order the return of the child, unless it is demonstrated that the child is now settled in its new environment.

*Id.* There is no singular definition for the "well-settled" defense. Rather, courts are to consider a number of factors in determining if the children have sufficient connections to the new county, including, among others, (1) the children ages; (2) the stability of the children's new residence; (3) whether the children have relatives in the new locale; (4) the children's links to the community; and (5) respondent's financial stability. *Cascio v. Pace*, 992 F. Supp.2d 856, 868 (N.D. Ill. 2014); *See Also Fernandez v. Bailey*, 909 F.3d 353,359 (11th Cir. 2018); *De Jesus v. Alvarez* 526 F. Supp.3d 186 (S.D. Florida 2021); *Hernandez v. Garcia Pena*, 820 F.3d.782, 787 (5th Cir. 2016),

    4.    Upon information and belief, Petitioner's Petition failed to state a claim upon which relief may be granted.

    5.    Upon information and belief, Petitioner failed to satisfy conditions precedent to filing this claim.

Dated: March 6, 2023

                    Respectfully submitted,

                    Attorney for Respondent, KEERTHI ASOKAN

                    By:/s/ Anthony G. Joseph_____
                           Anthony G. Joseph

MASTERS LAW GROUP LLC
Anthony G. Joseph, Esq. (Illinois ARDC No. 6303632)
Erin E. Masters, Esq. (Illinois ARDC No. 6283476)
30 N. LaSalle Street, Suite 2250
Chicago, Illinois 60602
Phone : (312) 609-1700
Facsimile : (312) 893-2002
ajoseph@masters-lawgroup.com

## **VERIFICATION**

Under penalties of perjury as provided by the State of Florida law and the laws of the United States of America, the undersigned hereby certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information, and belief, such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

Dated: March 8, 2023

                                              DocuSigned by:
                                              A4AD3F31F81348C...
                                         KEERTHI ASOKAN